UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8039-PA (KK) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Lance Williams v. L.A. County, *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed as Untimely

## I.  BACKGROUND

### A.    The Instant Case

On September 25, 2014, Plaintiff Lance Williams, proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").[1]  The Complaint is one of five civil rights complaints Plaintiff has filed since September 23, 2014.  See Case Nos. 2:14-cv-7583-GW-KK; 2:14-cv-8037-PA-KK; 2:14-8640-PA-KK, 2:15-cv-37-PA-KK.  In the Complaint, Plaintiff sues a number of defendants for allegedly discarding, during prison intake on October 6, 2010, an $8,500 check made out to Plaintiff.  ECF No. 3 at 3, 6-7.

On October 29, 2014, the Court issued an order to show cause ("OSC") why the Complaint should not be dismissed for failing to state a section 1983 claim.  The Court noted that the Complaint simply alleged deprivation of property, and thus failed to state a section 1983 claim because "'California Law provides an adequate post-deprivation remedy.'"  ECF No. 5 at 1 (quoting Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994)).

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the date on which the pleading may have been received by the court.  See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, Plaintiff signed the Complaint on September 25, 2014.  ECF No. 3 at 8.  Thus, the Court considers that date to be the date of filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8039-PA (KK) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Lance Williams v. L.A. County, *et al.* | | |

On December 2, 2014, Plaintiff filed a motion for extension of time to respond to the OSC. On December 10, 2014, the Court granted the motion. On December 23, 2014, rather than filing a response to the OSC, Plaintiff filed a First Amended Complaint ("FAC"), which expands significantly upon the allegations in the original Complaint, alleging various unnamed officers used excessive force and called Plaintiff racial slurs on October 6, 2010. See ECF No. 10 at 3-8.

**B.     Plaintiff's Other Cases**

In two of Plaintiff's other civil rights actions, the Court issued OSCs why those actions should not be dismissed as untimely, since the actions were filed more than four years after the dates of the alleged wrongful acts, *i.e.*, the dates of accrual. See Case No. 2:14-cv-7583-GW-KK, ECF No. 9; Case No. 2:14-cv-8640-PA-KK, ECF No. 5. At the time the OSCs were issued, the Court assumed Plaintiff had four years to file his claims: two years under section 1983's statute of limitations, and two years of tolling under California law for the "'disability of imprisonment.'" Case No. 2:14-cv-7583-GW-KK, ECF No. 9 at 2 (quoting Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)). The Court assumed two years of tolling for the disability of imprisonment because it assumed (incorrectly) Plaintiff had been continuously incarcerated since the dates of accrual. See Jones, 393 F.3d at 928 ("[A]ctual, uninterrupted incarceration is the touchstone for applying California's tolling provision for the disability of imprisonment.") (citation and internal quotation marks omitted).

In response to the OSCs, Plaintiff submitted declarations ("OSC Declarations") arguing he was entitled to equitable tolling. Within the OSC Declarations, Plaintiff admitted he was not incarcerated for approximately 16 months after the dates of accrual – specifically, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013. Case No. 2:14-cv-7583-GW-KK, ECF No. 12 at 3-4; Case No. 2:14-cv-8640-PA-KK, ECF No. 6 at 2-4. Consequently, Plaintiff was entitled to approximately 16 months *less* tolling than the Court assumed when it issued the OSCs. Thus, at most, erring on the side of caution, Plaintiff was entitled not to four years after the dates of accrual to file his claims, but to two years and nine months.

Ultimately, the Court issued a Report and Recommendation in both civil rights actions recommending dismissal for lack of timeliness. See Case No. 2:14-cv-7583-GW-KK, ECF No. 15; Case No. 2:14-cv-8640-PA-KK, ECF No. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8039-PA (KK) | Date | January 7, 2015 |
|---|---|---|---|
| Title | Lance Williams v. L.A. County, *et al.* | | |

## II. DISCUSSION

The Court was not able to review the OSC Declarations in the other cases until after the Court issued the first OSC in *this* case. In screening the FAC, the Court must acknowledge what the OSC Declarations reveal: Plaintiff was not continuously incarcerated, thus the Court incorrectly assumed Plaintiff had four years from the date of accrual to file this action. In reality, because of the significant gap in Plaintiff's incarceration after the date of accrual, Plaintiff had at most two years and nine months to file this action.

Plaintiff's claims in this case accrued on October 6, 2010. Plaintiff was required to file his claims, at latest, by July 7, 2013. Plaintiff did not file this action until September 25, 2014. Thus, absent equitable tolling, this action is untimely.

## III. CONCLUSION

Plaintiff is therefore **ORDERED TO SHOW CAUSE** within **fourteen (14) days** of the date of this Order why the Court should not dismiss this action as untimely.

As an alternative, Plaintiff may, within **fourteen (14) days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed.